1829.

Bank of Utica
v.
Dill.

---

## THE BANK OF UTICA *v.* DILL AND CUMPSTON.

Where a sheriff, after collecting money on an execution, died insolvent, without paying over the same, and no person administered upon his estate, it was held that no suit could be sustained in Chancery against the sureties of the sheriff upon his bond, to enforce the payment of the amount so collected by him.

If the judgment creditor has any remedy in such cases, the Supreme Court alone can furnish relief.

THE defendants were the bail of S. W. Hughes, late May 5th. sheriff of Cayuga, who collected the amount of an execution in behalf of the complainants, and died before the money was paid over. No person administered on the estate of the sheriff, and the bill in this cause was filed to compel the bail to pay the amount collected by the sheriff. The defendants demurred to the bill for want of equity.

*J. C. Spencer*, for complainants:—The complainants have a remedy in Chancery against the defendants, upon their bond, *for the malfeasance of their principal, the sheriff.   [*467] The bond is a security for creditors, as well as for the people. (1 R. L. 419, sec. 2.) The right being clear, and there being no remedy in this case at law, Chancery has power to afford the relief intended by the statute. The 6th section of the act provides the terms upon which the Supreme Court shall direct the bond to be prosecuted at law. This is merely directory of the remedy, and is no qualification of the right. Without this provision, the only remedy would have been in Chancery. This section does not provide for all the cases of injury. Thus, by the 5th

section, the defaults of the under sheriff, after the death of the sheriff, are declared breaches of the condition of the bond. But the bond cannot be prosecuted at law for the defaults of the under sheriff, because no judgment can be obtained against the deceased sheriff, which is an indispensable requisite to authorize the Supreme Court to direct the prosecution of the bond. Nor can judgment be recovered against the representatives of the deceased sheriff, for the defaults of the under sheriff. Here, then, is a case in which the Supreme Court cannot afford a remedy. So in the present case, the sheriff being dead, no judgment can be obtained against him; nor will any action lie against his personal representatives. (*Martin* v. *Bradley and others*, 1 Caines' R. 124; *Franklin* v. *Low & Swartwout*, 1 John. R. 396.) And if such action would lie, there is no executor or administrator against whom it can be brought. The complainants being a corporation, cannot, if they were required, take out letters of administration. There will therefore be an entire failure of justice in this case, unless the court can grant relief. The principle contended for here is laid down in Mitford's Pl. 106, 7, that where a right is given by a statute in express terms, and the courts of common law cannot afford a remedy, Chancery will interfere. *Edgell* v. *Haywood & Dawe*, 3 Atk. 352; *Jenkins* v. *De Groot*, 1 Caines' Cas. in Error, 122. *Phillips* v. *Thompson*, 2 John. Ch. R. 418; *In the Matter of McKinley and others*, 1 John. Cas. 137.) It has been frequently held, that a *cestui que trust* may use the name of the trustee to recover money, or to foreclose a mortgage; and also that any person beneficially interested in a contract *may sue and enforce it. (*Jackson* v. *Delancy*, 11 John. R. 365; *Attorney-General* v. *Meyrick*, 2 Ves. sen. 45; *Shepard* v. *Shepard*, 7 John. Ch. R. 63; *Skinner* v. *Phillips and others*, 4 Mass. R. 68; *Corry* v. *Williams*, 9 id. 117; *People* v. *Dunlap*, 13 John. R. 439; *Archbishop of Canterbury* v. *House*, Cowp. 140.) Courts of equity lean in favor of making a bond, or other instrument, a trust for creditors, and of enforcing such trust. (1 Eq. Cas. Ab. 93 k;

[*468]

*Moses* v. *Murgatroyd*, 1 John. Ch. R. 129 ; *Kip* v. *Bank of New York*, 10 John. R. 63 ; *Parsons & Cole* v. *Briddock*, 2 Vernon, 608.)

*A. Van Vechten*, for defendants, contended that the defendants in this case were not liable to the complainants; that the terms of the statute had not been complied with. The amount of the plaintiffs' demand, and the default of the sheriff, had not been ascertained by a judgment against him. Unless this is done, the Supreme Court have no power to direct a prosecution of the bond. The statute specifically provides the manner in which the bail are to be made liable. It defines the nature and scope of their obligation. Until the default of the sheriff is judicially ascertained, the bond is not forfeited; and when forfeited, it is suable only in the name of the people at law, under the direction of the Supreme Court. (*People* v. *Spraker*, 18 John. R. 390.) The statute in terms provides, that there shall be but one suit upon the bond, although there be several defaults; and the judgment, when recovered, is to stand as security in case of other defaults. The obligation of sureties cannot be varied in any respects, either as to its terms, or the manner of enforcing it when that is specifically prescribed. (*Rathbone* v. *Warren*, 10 John. R. 587.) The defendants are liable only according to the provisions of the statute.

THE CHANCELLOR :—It is not necessary for the decision of this cause to inquire whether the bail can be liable in any case before a recovery has been had against the sheriff or his personal representative. The decison of the Supreme Court in *The People* v. *Spraker & Yates*, (18 John. *Rep. 390,) when examined carefully, does not seem to go that length. It was evident in that case that the directions of the statute might have been complied with, and the breach of the condition of the bond which was there assigned was one for which the original sureties were not liable. If a recovery against the sheriff is necessary in all cases before

[*469]

a suit can be sustained against his sureties, there is no remedy in this case, either at law or equity, because the statute has made no provision for a proceeding against his personal representative.

Without expressing any opinion on the question whether the Supreme Court would permit the bond to be put in suit upon a proper application, showing that the sheriff had collected the money and died insolvent, and that there was no personal representative against whom a suit could be prosecuted, I am satisfied if the complainants have any remedy against the bail, the Supreme Court is the proper tribunal to afford that relief. It was evidently the intention of the legislature to give to that court power to administer relief to the parties injured by the default of the sheriff, to the full extent to which the sureties are liable. The condition of the bond is broad enough to reach every possible case where the bail ought to be made liable. And if they are liable at all, it must be by a suit on the bond in the name of the people, under the equity of the fifth section of the act.

The demurrer must, therefore, be deemed to be well taken in this case.